No. 22-30691

# In the United States Court of Appeals for the Fifth Circuit

JARIUS BROWN,
*Plaintiff - Appellant,*

*v.*

JAVARREA POUNCY; JOHN DOE #1; JOHN DOE #2,
*Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

## RECORD EXCERPTS

Nora Ahmed
ACLU FOUNDATION OF LOUISIANA
1340 Poydras Street, Ste. 2160
New Orleans, LA 70112
(504) 522-0628

Lauren Willard
Michael X. Imbroscio
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

*Attorneys for Plaintiff - Appellant Jarius Brown*

January 26, 2023

# TABLE OF CONTENTS

| Tab | Description | Citations |
|---|---|---|
| **1** | Docket Sheet, No. 5:21-cv-03415-EEF-MLH (W.D. La.) | ROA.1–ROA.7 |
| **2** | Notice of Appeal (Oct. 26, 2022), Dkt. 42 | ROA.270–ROA.272 |
| **3** | Judgment (Sept. 29, 2022), Dkt. 38 | ROA.232 |
| **4** | Memorandum Ruling Granting Motion to Dismiss (Sept. 29, 2022), Dkt. 37 | ROA.221–ROA.231 |
| **5** | Complaint (Sept. 24, 2021), Dkt. 1 | ROA.8–ROA.26 |
| **6** | Exhibit A to Plaintiff's Opposition to Motion to Dismiss: ACLU Louisiana, *50 States & D.C. Survey: Applicable Statute of Limitations for Section 1983 Claims* (Nov. 2, 2020), Dkt. 21-2 | ROA.115–ROA.118 |

# Tab 1

CLOSED,APPEAL

Jump to Docket Table

# U.S. District Court
## Western District of Louisiana (Shreveport)
## CIVIL DOCKET FOR CASE #: 5:21-cv-03415-EEF-MLH
## Internal Use Only

Brown v. Pouncy et al                                     Date Filed: 09/24/2021
Assigned to: Judge Elizabeth E Foote                     Date Terminated: 09/29/2022
Referred to: Magistrate Judge Mark L Hornsby            Jury Demand: Plaintiff
 Case in other court:  5CCA, 22-30691                   Nature of Suit: 440 Civil Rights: Other
Cause: 42:1983 Civil Rights Act                         Jurisdiction: Federal Question

**Plaintiff**

**Jarius Brown**                    represented by    **Erin Bridget Wheeler**
                                                      A C L U of Louisiana
                                                      1340 Poydras St Ste 2160
                                                      New Orleans, LA 70112
                                                      504-522-0628
                                                      Email: bwheeler@laaclu.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Megan E Snider**
                                                      Southeast LA Legal Srvs (NO)
                                                      1340 Poydras St Ste 600
                                                      New Orleans, LA 70112
                                                      504-529-1000
                                                      Email: msnider@slls.org
                                                      *TERMINATED: 06/03/2022*

                                                      **Michael X Imbroscio**
                                                      Covington & Burling (7566)
                                                      P O Box 7566
                                                      Washington, DC 20044
                                                      202-662-5694
                                                      Email: mimbroscio@cov.com
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Nora Sam Ahmed**
                                                      American Civil Liberties Union Foundation
                                                      of LA
                                                      1340 Poydras St Ste 2160
                                                      New Orleans, LA 70112
                                                      917-842-3902
                                                      Email: nahmed@laaclu.org
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Javarrea Pouncy** | represented by | **James Ashby Davis** |
| | | Cook Yancey et al |
| | | P O Box 22260 |
| | | Shreveport, LA 71120-2260 |
| | | 318-227-7826 |
| | | Fax: 318-227-7850 |
| | | Email: ashby.davis@cookyancey.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**James R Sterritt**
Cook Yancey et al
P O Box 22260
Shreveport, LA 71120-2260
318-221-6277
Fax: 318-227-7850
Email: james.sterritt@cookyancey.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe #1**

**Defendant**

**John Doe #2**

**Amicus**

| | | |
|---|---|---|
| **Public Justice** | represented by | **William Brock Most** |
| | | Law Office of William B Most |
| | | 201 St Charles Ave Ste 114 #101 |
| | | New Orleans, LA 70170 |
| | | 504-509-5023 |
| | | Email: williammost@gmail.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Ellen Noble**
Public Justice
1620 L St N W
Washington, DC 20036
240-620-3645
Email: enoble@publicjustice.net
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/24/2021 | 1 (p.8) | COMPLAINT against Javarrea Pouncy, John Doe #1, John Doe #2 with Jury Demand (Filing fee $402, receipt number ALAWDC-4832080) filed by Jarius Brown. (Attachments: # 1 (p.8) Civil cover sheet, # 2 (p.30) Proposed summons/writ)(Attorney Megan E Snider added to party Jarius Brown(pty:pla))(aty,Snider, Megan) Modified docket text on 9/24/2021 (Miletello, A). (Entered: 09/24/2021), QC'ed on 09/24/2021, by Miletello , A) |
| 09/24/2021 | 2 (p.30) | MOTION for Michael X. Imbroscio to Appear Pro Hac Vice (Admission fee: $105, receipt number ALAWDC-4832114) by Jarius Brown. Motion Ripe Deadline set for 9/24/2021. (Attachments: # 1 (p.8) Certificate of good standing, # 2 (p.30) Proposed order)(aty,Snider, Megan) Modified to reflect deficient status on 9/27/2021 (Thomas, T). Modified to remove deficient status and indicate doc 8 (p.47) has applying counsel's signature on 9/29/2021 (Thomas, T). (Entered: 09/24/2021), QC'ed on 09/27/2021, by Thomas , T) |
| 09/24/2021 | 3 (p.35) | MOTION for Nora S. Ahmed to Appear Pro Hac Vice (Admission fee: $105, receipt number ALAWDC-4832185) by Jarius Brown. Motion Ripe Deadline set for 9/24/2021. (Attachments: # 1 (p.8) Certificate of good standing, # 2 (p.30) Declaration of Nora Ahmed, # 3 (p.35) Proposed order)(aty,Snider, Megan) (Entered: 09/24/2021), QC'ed on 09/24/2021, by Miletello , A) |
| 09/24/2021 | | CASE Assigned to Judge Elizabeth E Foote and Magistrate Judge Mark L Hornsby. Motions referred to Magistrate Judge Mark L Hornsby. (crt,Miletello, A) (Entered: 09/24/2021) |
| 09/24/2021 | 4 (p.43) | SUMMONS ISSUED as to Javarrea Pouncy. (crt,Miletello, A) (Entered: 09/24/2021) |
| 09/27/2021 | 5 (p.45) | NOTICE of Deficiency to Megan E Snider on behalf of Jarius Brown regarding 2 (p.30) MOTION for Michael X. Imbroscio to Appear Pro Hac Vice (Admission fee: $105, receipt number ALAWDC-4832114). Reason: Applying attorney must sign. No s/ signature accepted. (crt,Thomas, T) (Entered: 09/27/2021) |
| 09/27/2021 | 6 (p.46) | ORDER granting 3 (p.35) Motion to Appear Pro Hac Vice for appearance of Nora Sam Ahmed for Jarius Brown. Signed by Magistrate Judge Mark L Hornsby on 9/27/2021. (crt,Keller, J) (Entered: 09/27/2021) |
| 09/28/2021 | 7 | ELECTRONIC JURISDICTIONAL REVIEW FINDING: Having reviewed the pleadings, and any amended pleadings, the court finds that subject matter jurisdiction exists pursuant to: 28 U.S.C. section 1331. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion. Signed by Magistrate Judge Mark L Hornsby on 9/28/2021. (crt,Rider, M) (Entered: 09/28/2021), QC'ed on 09/30/2021, by Keller , J) |
| 09/29/2021 | 8 (p.47) | CORRECTIVE DOCUMENT entitled Motion for Pro Hac Vice Admission filed by Jarius Brown regarding 2 (p.30) MOTION for Michael X. Imbroscio to Appear Pro Hac Vice (Admission fee: $105, receipt number ALAWDC-4832114) . (Attachments: # 1 (p.8) Certificate of good standing, # 2 (p.30) Proposed order)(aty,Snider, Megan) (Entered: 09/29/2021), QC'ed on 09/29/2021, by Thomas , T) |
| 09/29/2021 | | Set/Reset Deadlines as to 2 (p.30) MOTION for Michael X. Imbroscio to Appear Pro Hac Vice (Admission fee: $105, receipt number ALAWDC-4832114). Motion Ripe Deadline set for 9/24/2021. (crt,Thomas, T) (Entered: 09/29/2021) |

| | | |
|---|---|---|
| 09/30/2021 | 9 (p.52) | ORDER granting 2 (p.30) Motion to Appear Pro Hac Vice for appearance of Michael X Imbroscio for Jarius Brown. Signed by Magistrate Judge Mark L Hornsby on 9/30/2021. (crt,Thomas, T) (Entered: 09/30/2021) |
| 12/17/2021 | 10 (p.53) | SUMMONS Returned Executed by Jarius Brown. Javarrea Pouncy served on 12/10/2021, answer due 1/3/2022. (aty,Imbroscio, Michael) (Entered: 12/17/2021), (QC'ed on 12/17/2021, by Thomas , T) |
| 12/29/2021 | 11 (p.54) | MOTION for Extension of Time to File Answer with consent by Javarrea Pouncy. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 12/29/2021. (Attachments: # 1 (p.8) Text of proposed order)(Attorney James Ashby Davis added to party Javarrea Pouncy(pty:dft))(aty,Davis, James) (Entered: 12/29/2021), (QC'ed on 12/29/2021, by Thomas, T) |
| 12/29/2021 | | (Court only) ***Attorney added: James R Sterritt for Javarrea Pouncy. (crt,Thomas, T) (Entered: 12/29/2021) |
| 01/03/2022 | 12 (p.58) | ORDER granting 11 (p.54) Motion for Extension of Time to Answer re 1 (p.8) Complaint. Javarrea Pouncy answer due 2/2/2022. Signed by Magistrate Judge Mark L Hornsby on 1/3/2022. (crt,Keller, J) (Entered: 01/03/2022) |
| 01/31/2022 | 13 (p.59) | MOTION to Dismiss For Failure to State a Claim by Javarrea Pouncy. (Attachments: # 1 (p.8) Memorandum / Brief, # 2 (p.30) Text of proposed order)(aty,Davis, James) (Entered: 01/31/2022), (QC'ed on 01/31/2022, by Thomas , T) |
| 01/31/2022 | 14 (p.68) | NOTICE of Motion Setting regarding: 13 (p.59) MOTION to Dismiss For Failure to State a Claim. Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 01/31/2022) |
| 02/03/2022 | 15 (p.69) | MOTION for Extension of Time to File Response/Reply re 13 (p.59) Motion to Dismiss with consent by Jarius Brown. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 2/3/2022. (Attachments: # 1 (p.8) Proposed order)(aty,Imbroscio, Michael) Modified to correct event type, add docket entry relationship and edit docket text on 2/3/2022 (Thomas, T). (Entered: 02/03/2022), (QC'ed on 02/03/2022, by Thomas , T) |
| 02/03/2022 | | Motions Transferred regarding 15 (p.69) Motion for Extension of Time to File Response/Reply re 13 (p.59) Motion to Dismiss. Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 02/03/2022) |
| 02/04/2022 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 02/04/2022) |
| 02/10/2022 | 16 (p.73) | ORDER granting 15 (p.69) Motion for Extension of Time to File Response/Reply re 13 (p.59) MOTION to Dismiss For Failure to State a Claim. Response due by 3/9/2022. Reply due by 3/16/2022. Signed by Judge Elizabeth E Foote on 2/10/2022. (crt,Keifer, K) (Entered: 02/10/2022) |
| 03/07/2022 | 17 (p.74) | DEFICIENT MOTION for Extension of Time to File Response/Reply re 13 (p.59) Motion to Dismiss with consent by Jarius Brown. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 3/7/2022. (Attachments: # 1 (p.8) Proposed order)(aty,Imbroscio, Michael) Modified to correct event type and to add docket entry relationship on 3/7/2022 (Thomas, T). Modified to indicate document corrected and resubmitted in its entirety on 3/7/2022 (Thomas, T). (Entered: 03/07/2022), (QC'ed on 03/07/2022, by Thomas , T) |
| 03/07/2022 | 18 | NOTICE of Deficiency to Michael X Imbroscio on behalf of Jarius Brown regarding |

| | | |
|---|---|---|
| | (p.78) | 17 (p.74) Motion for Extension of Time to File Response/Reply re 13 (p.59) Motion to Dismiss with consent. Reason: For attorneys admitted pro hac vice, signature or endorsement of local counsel is required. Please refer to LR83.2.6 for more specific requirements. (crt,Thomas, T) (Entered: 03/07/2022) |
| 03/07/2022 | 19 (p.79) | MOTION for Extension of Time to File Response/Reply re 13 (p.59) Motion to Dismiss with consent by Jarius Brown. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 3/7/2022. (Attachments: # 1 (p.8) Proposed order)(aty, Imbroscio, Michael) Modified to add docket entry relationship on 3/7/2022 (Thomas, T). (Entered: 03/07/2022), (QC'ed on 03/07/2022, by Thomas , T) |
| 03/07/2022 | | Motions Transferred regarding 19 (p.79) MOTION for Extension of Time to File Response/Reply with consent . Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 03/07/2022) |
| 03/07/2022 | | (Court only) ***Motions terminated: 17 (p.74) Motion for Extension of Time to File Response/Reply re 13 (p.59) Motion to Dismiss with consent filed by Jarius Brown. Reason for termination: Document corrected and resubmitted in its entirety as doc 19 (p.79) . (crt,Thomas, T) (Entered: 03/07/2022) |
| 03/09/2022 | 20 (p.84) | ORDER granting 19 (p.79) Motion for Extension of Time to File Response/Reply re 13 (p.59) MOTION to Dismiss For Failure to State a Claim. Response due by 3/24/2022. Reply due by 3/31/2022. Signed by Judge Elizabeth E Foote on 3/8/2022. (crt,Keifer, K) (Entered: 03/09/2022) |
| 03/24/2022 | 21 (p.85) | MEMORANDUM in Opposition re 13 (p.59) MOTION to Dismiss For Failure to State a Claim filed by Jarius Brown. (Attachments: # 1 (p.8) Proposed order, # 2 (p.30) Exhibit A)(aty,Imbroscio, Michael) (Entered: 03/24/2022), (QC'ed on 03/24/2022, by Crick , S) |
| 03/27/2022 | 22 (p.119) | MOTION for Extension of Time to File Response/Reply as to 13 (p.59) MOTION to Dismiss For Failure to State a Claim with consent by Javarrea Pouncy. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 3/27/2022. (Attachments: # 1 (p.8) Text of proposed order)(aty,Davis, James) (Entered: 03/27/2022), (QC'ed on 03/28/2022, by Thomas , T) |
| 03/27/2022 | | Motions Transferred regarding 22 (p.119) MOTION for Extension of Time to File Response/Reply as to 13 (p.59) MOTION to Dismiss For Failure to State a Claim with consent . Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 03/28/2022) |
| 03/28/2022 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 03/28/2022) |
| 03/30/2022 | 23 (p.123) | MOTION for Hearing re 13 (p.59) MOTION to Dismiss For Failure to State a Claim by Jarius Brown. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 3/30/2022. (Attachments: # 1 (p.8) Proposed order)(aty,Imbroscio, Michael) Modified to remove docket entry relationship on 3/30/2022 (Thomas, T). (Entered: 03/30/2022), (QC'ed on 03/30/2022, by Thomas , T) |
| 03/30/2022 | | Motions Transferred regarding 23 (p.123) MOTION for Hearing re 21 (p.85) Memorandum in Opposition to Motion, 13 (p.59) MOTION to Dismiss For Failure to State a Claim . Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 03/30/2022) |
| 03/30/2022 | 24 (p.126) | ORDER granting 22 (p.119) Motion for Extension of Time to File Response/Reply re 13 (p.59) MOTION to Dismiss For Failure to State a Claim. Reply due by 4/21/2022. |

| | | |
|---|---|---|
| | | Signed by Judge Elizabeth E Foote on 3/30/2022. (crt,Keifer, K) (Entered: 03/31/2022) |
| 03/31/2022 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 03/31/2022) |
| 03/31/2022 | 25 (p.127) | ORDER denying 23 (p.123) Motion for oral argument. Signed by Judge Elizabeth E Foote on 3/31/2022. (crt,Keifer, K) (Entered: 03/31/2022) |
| 04/21/2022 | 26 (p.128) | Ex Parte MOTION for Ellen Noble to Appear Pro Hac Vice (Admission fee: $105, receipt number ALAWDC-5076696) by Public Justice. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 4/21/2022. (Attachments: # 1 (p.8) Exhibit A (Certificate of Good Standing), # 2 (p.30) Proposed order)(Attorney William Brock Most added to party Public Justice(pty:am))(aty,Most, William) (Entered: 04/21/2022), (QC'ed on 04/21/2022, by Thomas , T) |
| 04/21/2022 | 27 (p.132) | MOTION for Leave to File Amicus Brief with opposition by Public Justice. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 4/21/2022. (Attachments: # 1 (p.8) Memorandum / Brief, # 2 (p.30) Proposed order, # 3 (p.35) Proposed pleading)(aty,Most, William) (Entered: 04/21/2022), (QC'ed on 04/21/2022, by Thomas , T) |
| 04/21/2022 | 28 (p.151) | REPLY to Response to Motion re 13 (p.59) MOTION to Dismiss For Failure to State a Claim filed by Javarrea Pouncy. (aty,Davis, James) (Entered: 04/21/2022), (QC'ed on 04/22/2022, by Thomas , T) |
| 04/22/2022 | 29 (p.162) | ORDER granting 26 (p.128) Motion to Appear Pro Hac Vice for appearance of Ellen Noble for Public Justice. Signed by Magistrate Judge Mark L Hornsby on 4/22/2022. (crt,Thomas, T) (Entered: 04/22/2022) |
| 04/22/2022 | 30 (p.163) | MEMORANDUM in Opposition re 27 (p.132) MOTION for Leave to File Amicus Brief with opposition filed by Javarrea Pouncy. (aty,Davis, James) (Entered: 04/22/2022), (QC'ed on 04/25/2022, by Thomas , T) |
| 06/02/2022 | | Motions Transferred regarding 27 (p.132) MOTION for Leave to File Amicus Brief with opposition. Motions referred to Judge Elizabeth E Foote. (crt,Keller, J) (Entered: 06/02/2022) |
| 06/02/2022 | 31 (p.167) | ORDER granting 27 (p.132) Motion for Leave to File. Signed by Judge Elizabeth E Foote on 6/2/2022. (crt,Thomas, T) (Entered: 06/02/2022) |
| 06/02/2022 | 32 (p.168) | BRIEF OF AMICUS CURIAE PUBLIC JUSTICE IN SUPPORT OF PLAINTIFF by Public Justice. (crt,Thomas, T) (Entered: 06/02/2022) |
| 06/02/2022 | 33 (p.180) | MOTION to Substitute Attorney E. Bridget Wheeler in place of Megan E. Snider with consent by Jarius Brown. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 6/2/2022. (Attachments: # 1 (p.8) Proposed order)(aty,Snider, Megan) (Entered: 06/02/2022), (QC'ed on 06/02/2022, by Thomas , T) |
| 06/03/2022 | 34 (p.183) | ORDER granting 33 (p.180) Motion to Substitute Attorney. Added attorney Erin Bridget Wheeler for Jarius Brown. Attorney Megan E Snider terminated. Signed by Magistrate Judge Mark L Hornsby on 6/3/2022. (crt,Thomas, T) (Entered: 06/03/2022) |
| 07/06/2022 | 35 (p.184) | MOTION for Leave to File Response to Amicus Curiae Brief of Public Justice with consent sought but not yet obtained by Javarrea Pouncy. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 7/6/2022. (Attachments: # 1 (p.8) Proposed pleading, # 2 (p.30) Text of proposed order)(aty,Davis, James) (Entered: 07/06/2022), |

| | | |
|---|---|---|
| | | (QC'ed on 07/07/2022, by Taylor , L) |
| 07/06/2022 | | Motions Transferred regarding 35 (p.184) MOTION for Leave to File Response to Amicus Curiae Brief of Public Justice with consent sought but not yet obtained . Motions referred to Judge Elizabeth E Foote. (crt,Taylor, L) (Entered: 07/07/2022) |
| 07/06/2022 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 07/08/2022) |
| 07/14/2022 | 36 (p.219) | CERTIFICATE re 35 (p.184) MOTION for Leave to File Response to Amicus Curiae Brief of Public Justice with consent sought but not yet obtained by James Ashby Davis on behalf of Javarrea Pouncy, indicating No Opposition by Plaintiff (aty,Davis, James) (Entered: 07/14/2022), (QC'ed on 07/14/2022, by Thomas , T) |
| 09/29/2022 | 37 (p.221) | MEMORANDUM RULING re 13 (p.59) MOTION to Dismiss For Failure to State a Claim filed by Javarrea Pouncy and 35 (p.184) MOTION for Leave to File Response to Amicus Curiae Brief of Public Justice. Signed by Judge Elizabeth E Foote on 9/29/2022. (crt,Enkey, R) (Entered: 09/29/2022) |
| 09/29/2022 | 38 (p.232) | JUDGMENT: IT IS ORDERED that Defendant Javarrea Pouncy's 13 (p.59) Motion to Dismiss is GRANTED. Plaintiff Jarius Browns federal claims are DISMISSED with prejudice. His state law claims are DISMISSED without prejudice. Signed by Judge Elizabeth E Foote on 9/29/2022. (crt,Enkey, R) (Entered: 09/29/2022) |
| 09/29/2022 | 39 (p.233) | RESPONSE to Amicus Curiae Brief by Javarrea Pouncy. (crt,Enkey, R) (Entered: 09/29/2022) |
| 10/13/2022 | 40 (p.265) | MOTION for Extension of Time to File Motion for Attorneys' Fees with consent by Javarrea Pouncy. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 10/13/2022. (Attachments: # 1 (p.8) Text of proposed order)(aty,Davis, James) (Entered: 10/13/2022), (QC'ed on 10/14/2022, by Thomas , T) |
| 10/13/2022 | | Motions Transferred regarding 40 (p.265) MOTION for Extension of Time to File Motion for Attorneys' Fees with consent . Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 10/14/2022) |
| 10/13/2022 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 10/14/2022) |
| 10/14/2022 | 41 (p.269) | ORDER granting 40 (p.265) Motion for Extension of Time to File Motion for Attorneys' Fees. Deadline is extended to 11/14/2022. Signed by Judge Elizabeth E Foote on 10/14/2022. (crt,Keifer, K) (Entered: 10/14/2022) |
| 10/26/2022 | 42 (p.270) | NOTICE OF APPEAL as to 37 (p.221) Memorandum Ruling, 38 (p.232) Judgment, by Jarius Brown. (Filing fee $505, receipt number ALAWDC-5342702) (aty,Imbroscio, Michael) (Entered: 10/26/2022), (QC'ed on 10/27/2022, by WalkerSld , B) |
| 10/31/2022 | | USCA Case Number 22-30691 for 42 (p.270) Notice of Appeal filed by Jarius Brown. (crt,WalkerSld, B) (Entered: 10/31/2022) |
| 10/31/2022 | | Set Deadline for Clerk re 42 (p.270) Notice of Appeal: Certify Appeal Record (22-30691) by Clerk to COA 11/15/2022. (crt,WalkerSld, B) (Entered: 10/31/2022) |

Brown v. Pouncy et al (5:21-cv-03415-EEF-MLH)

# Tab 2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

|  |  |
|---|---|
| JARIUS BROWN,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DEPUTY JAVARREA POUNCY, and DEPUTIES<br>JOHN DOE 1, and JOHN DOE 2.<br><br>　　　Defendant | Plaintiff's Notice of Appeal<br><br><br><br>Civil Action No.: 5:21-cv-3415 |

### <u>PLAINTIFF'S NOTICE OF APPEAL</u>

Plaintiff Jarius Brown hereby gives notice of his appeal to the United States Court of Appeals for the Fifth Circuit from the Court's September 29, 2022 Memorandum Ruling Granting Defendant's Motion to Dismiss [Doc. 37] and Final Judgment [Doc. 38].


By: /s/    *Erin Bridget Wheeler*

Erin Bridget Wheeler
LA. Bar No. 37546
Nora Ahmed
ACLU Foundation Of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: 504 522 0628
bwheeler@laaclu.org
nahmed@laaclu.org


By: /s/  *Michael X. Imbroscio*

Michael X. Imbroscio (Bar No. 445474)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
mimbroscio@cov.com

*Counsel for Plaintiff Jarius Brown*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of October, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system; notice will be sent by operation of the court's electronic filing system to all counsel of record.

By: /s/  Megan E. Snider

By: /s/   Michael X. Imbroscio

*Counsel for Plaintiff Jarius Brown*

# Tab 3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

JARIUS BROWN

VERSUS

JAVARREA POUNCY, ET AL.

CIVIL ACTION NO. 21-3415

JUDGE ELIZABETH E. FOOTE

MAGISTRATE JUDGE HORNSBY

## <u>JUDGMENT</u>

For the reasons outlined in the Court's Memorandum Ruling,

**IT IS ORDERED** that Defendant Javarrea Pouncy's motion to dismiss [Record Document 13] is **GRANTED**. Plaintiff Jarius Brown's federal claims are **DISMISSED with prejudice**. His state law claims are **DISMISSED without prejudice**. The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED** this 29th day of September, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

# Tab 4

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

JARIUS BROWN                                    CIVIL ACTION NO. 21-3415

VERSUS                                           JUDGE ELIZABETH E. FOOTE

JAVARREA POUNCY, ET AL.                          MAGISTRATE JUDGE HORNSBY

## <u>MEMORANDUM RULING</u>

Before the Court is a motion to dismiss filed by Defendant Javarrea Pouncy ("Pouncy").[1]  Plaintiff Jarius Brown ("Brown") filed an opposition,[2] and Public Justice, a nonprofit legal advocacy organization, filed an amicus curiae brief.[3]  The primary question in this case is whether Louisiana's two-year prescriptive period for injuries resulting from a "crime of violence" applies to Section 1983 suits arising from excessive force.  The answer to this legal question is no: Supreme Court authority directs federal courts in Louisiana to apply Louisiana's one-year residual prescriptive period to Section 1983 actions.  Brown's secondary arguments that Louisiana's one-year prescriptive period is unfair and discriminatory also fail.  For these reasons, Pouncy's motion to dismiss is **GRANTED**.

## BACKGROUND

Early in the morning of September 27, 2019, a Louisiana State Police Trooper stopped Brown for an alleged traffic violation and discovered a bag of marijuana.[4]  That

---

[1] Record Document 13.
[2] Record Document 21.
[3] Record Document 32.
[4] Record Document 1 at 5 ¶¶ 18−19.

discovery led to Brown's arrest and subsequent transport to the Sherriff's Office in Desoto Parish, Louisiana.[5]  Once Brown arrived at the facility, the State Police Trooper transferred him to the custody of Deputy Pouncy and another unidentified DeSoto Parish Sherriff's Deputy.[6]

At the Sherriff's Office, the two deputies led Brown into the facility's laundry room, where he was told to change into a prison uniform.[7]  Before he did so, and without provocation, Brown claims the deputies began striking his face and torso with repetitive blows.[8]  Following the alleged attack, Brown recounts that the duo brought him to a cell where he sat until a deputy uninvolved in the incident noticed his injuries.[9]  Soon after, Brown says he was taken to a hospital where medical staff treated several facial fractures and abrasions.[10]

Nearly two years following the incident—on September 24, 2021—Brown brought this action in federal court to seek damages from Deputy Pouncy and two "John Doe Officers" (collectively "Defendant Officers") under 42 U.S.C. § 1983.  Brown bases his claims on the Defendant Officers' use of excessive force and their violations of his Fourth and Fourteenth Amendment rights.[11]  Brown also brings claims under Louisiana Revised Statute § 14:35 for battery due to the alleged incident.[12]  In response, Pouncy moves to

---

[5] *Id.* ¶¶ 20–22.
[6] *Id.* ¶ 22.  Brown notes that it was unclear whether the State Police Trooper communicated anything to the two deputies upon the transfer of custody.  *Id.*
[7] *Id.* ¶ 23.
[8] *Id.* at 6 ¶¶ 24–26.
[9] *Id.* ¶ 27.
[10] *Id.* at 7 ¶ 31.
[11] *Id.* at 14–16 ¶¶ 54–69.
[12] *Id.* at 17–18 ¶¶ 70–80.

2

dismiss Brown's Section 1983 action and urges the Court to decline exercising jurisdiction over his state law claims.[13]

## LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept all of the factual allegations in the complaint as true in determining whether the plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood of success but determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

---

[13] Record Document 13-1 at 3−5.

## LAW AND ANALYSIS

### I.  Federal Claims Under Section 1983

Regarding Brown's federal claims, the crux of the parties' disagreement concerns the statute of limitations period governing Section 1983 actions arising in Louisiana. According to Pouncy, Section 1983 suits are subject to a one-year limitations period.[14] Because Brown brought this action over a year after the alleged incident, Pouncy argues that the Court must dismiss Brown's claims.[15]  Brown, by contrast, believes his claims are viable because he brought them within a two-year limitations period for injuries resulting from a "crime of violence" under Louisiana law.  Additionally, he argues that Louisiana's one-year personal injury limitation period discriminates against Section 1983 claimants and should not apply to his claims.  The Court first reviews the relevant legal background to address the parties' dispute.

To begin with, the parties do not disagree that Section 1983 is the proper means for Brown to challenge the alleged constitutional violations committed by the Defendant Officers.  That is because Section 1983 provides a cause of action against any person acting under the color of state law who "subjects" a person or "causes [a person] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."  42 U.S.C. § 1983.  Since Congress adopted the statute, Section 1983 has become the primary civil remedy for enforcing federal constitutional and

---

[14] Record Document 13.
[15] Record Document 13-1 at 3–4.

statutory rights. Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law-Substance & Procedure* § 19:13 (May 2021).

But while Congress provided private plaintiffs a means to challenge state actors in federal court, it never adopted a limitations period governing Section 1983 actions. Recognizing that omission, the Supreme Court has addressed the issue several times. In *Wilson v. Garcia*, for example, the Court held that Section 1983 suits should be characterized as "personal injury actions;" thus, in the absence of Congressional guidance, the Court directed lower courts to borrow and apply the most analogous state personal injury statute of limitations. 471 U.S. 261, 279–80 (1985). That holding, however, generated some confusion. Specifically, *Wilson* offered lower courts little insight on which statute of limitations applied if a state had several provisions that governed personal injury actions.

The Supreme Court dispelled that confusion in *Owens v. Okure*. 488 U.S. 235 (1989). *Owens* involved a New York claim arguably subject to a one-year statute of limitations for assault. *Id.* at 237. Meanwhile, New York had a residual three-year catch-all limitations period for personal injuries. *Id.* at 237–38. The Court reasoned that applying intentional tort provisions to Section 1983 actions would lead to further uncertainty because every state had multiple limitations periods for intentional torts. *Id.* at 244. But "[i]n marked contrast to" that "multiplicity," the Court observed that each state had "one general or residual statute of limitations governing personal injury actions." *Id.* at 245. So, in the interest of predictability, a unanimous Court held: "[W]here state law provides multiple statutes of limitations for personal injury actions, courts

5

considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50.

Like other states, Louisiana has numerous limitations—or "prescriptive"—periods dependent on an actor's alleged misconduct. Louisiana's "residual" prescriptive period for personal injury actions is one year under article 3492. La. Civ. Code art. 3492; *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 389–90 (5th Cir. 2020) (observing that Louisiana's "residual" prescriptive period is found in article 3492). But Louisiana law carves out exceptions that provide for extended timeframes. One exception, as pertinent here, provides a two-year prescriptive period for "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . . ." La. Civ. Code art. 3493.10.

In this case, Brown argues that his federal claims are subject to that two-year period because the alleged constitutional violations arose from a criminal act of violence. If the Court accepted Brown's theory, his Section 1983 claims could survive dismissal. As noted above, the incident at issue occurred on September 27, 2019, and Brown did not file suit until September 24, 2021—a year and eleven months after the alleged attack. Brown does not dispute that *Owens* directs lower courts to apply the residual state limitations period for personal injury actions. Nor does he deny that Louisiana's residual prescriptive period lasts one year; instead, he argues that its application to his specific claims would be inconsistent with the spirit of Section 1983.

Brown centers his argument on two grounds. First, he claims that Louisiana's residual prescriptive period is a non-neutral law that has the effect of discriminating

6

against Section 1983 claimants.[16]   Brown notes that the state has extended the prescriptive periods for certain offenses regularly challenged in Section 1983 suits while maintaining a one-year catch-all provision under article 3492.   According to Brown, this framework yields a discriminatory byproduct: Louisiana plaintiffs cannot seek the same relief in federal court as in state court despite filing complaints challenging the same misconduct.[17]

Second, Brown maintains that applying Louisiana's residual prescriptive period is inconsistent with federal interests protected by Section 1983.[18]   In Brown's view, the lone year fails to account for the "practicalities involved in litigating federal civil rights claims."[19]   Brown notes, in particular, that actions premised on police brutality are unique in their complexity and traumatic impact on civil rights victims.[20]   Based on that reality, Brown explains that these victims may often delay reporting a crime, and a one-year period restricts a plaintiff's practical ability to enforce their rights.[21]   For that reason, he contends that the "rote" application of a one-year prescriptive period rests in irreconcilable tension with the objectives of Section 1983.[22]

---

[16] Record Document 21 at 17.

[17] *Id.*   Brown requests that the Court permit discovery on the issue of the Louisiana State Legislature's discriminatory intent in maintaining the one-year residual prescription period.  *Id.* at 20.  He also requests discovery on whether Louisiana's one-year prescription period accounts for the practicalities of bringing police brutality cases under Section 1983.  *Id.* at 25.  Because he cannot survive dismissal based on his pleadings—as discussed in more detail below—the Court will deny Brown's request.

[18] *Id.* at 21.

[19] *Id.* (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984)).

[20] *Id.*

[21] *Id.* at 21–22.

[22] *Id.* at 21.  As an alternative theory to avoid dismissal, Brown contends that the Court should not look to Louisiana's limitations provisions at all; he argues that the Court should instead adopt the time period in 28 U.S.C. § 1658(a), which states: "Except as otherwise provided by law, a civil

While the Court is sympathetic to the dilemma Brown and similarly situated plaintiffs face in Louisiana, it must reject Brown's interpretation of the law. True enough, Louisiana's one-year prescriptive period is a relative outlier in the United States. Only Kentucky, Tennessee, and Puerto Rico have one-year limitations provisions that apply to Section 1983 claims. Ky. Rev. Stat. § 413.140(1)(a); Tenn. Code. § 28-3-104(a)(1); P.R. Laws Ann. tit. 31, § 5298(2). Brown is also correct that Louisiana has adopted more extended periods for state tort actions arising from conduct that could constitute offenses subject to Section 1983 actions. *See, e.g.*, La. Civ. Code art. 3493.10 (allowing two years to bring actions against persons who commit crimes of violence); *Id.* art. 3496.2 (allowing three years to bring actions against persons who commit sexual assault).

Yet these and other facts cited by Brown do not show that Louisiana discriminates against Section 1983 claimants. Louisiana's one-year prescriptive period for personal injuries was established decades before Congress codified Section 1983.[23] And though Louisiana law has evolved in its more than two-century history, a general one-year

---

action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Brown argues that Section 1658's four-year statute of limitations is far more "suitable to carry the same [civil rights laws] into effect" than Louisiana's one-year prescriptive period. Record Document 21 at 25 (quoting *Burnett*, 468 U.S. at 47–48). Be that as it may, Brown acknowledges the fatal flaw in his own argument: Congress passed Section 1658 after Section 1983. And unfortunately for Brown, Section 1658's application is not retroactive; its text expressly excludes Section 1983 and all other federal causes of action enacted before December 1, 1990. 28 U.S.C. § 1658(a). Though Brown would have this Court adopt the four-year limitations period regardless, the plain text of Section 1658 precludes the Court from applying its provisions to Brown's claims.

[23] Congress adopted what it would later codify as Section 1983 in the Civil Rights Act of 1871. Pub. L. 42-22, 17 Stat. 13, 13 (1871) (codified in part at 42 U.S.C. § 1983). Meanwhile, Louisiana's Civil Code of 1825 contained a one-year prescriptive period for personal injuries. 3 Louisiana State Law Institute, *Compiled Edition of the Civil Codes of Louisiana* 1937–38 (1940).

8

prescriptive period has remained a static feature of the Louisiana Civil Code.[24]  If anything, Section 1983 cases have made—and continue to make—up only a small portion of the total volume of actions governed by article 3492's provisions.  *See Wilson*, 471 U.S. at 279 ("It is most unlikely that the period of limitations applicable to [general personal injury actions] ever was, or ever would be, fixed in a way that would discriminate against federal claims . . . . ").

Moreover, the Court cannot stray from binding precedent, however "rote" its application.  As explained above, Congress has not acted to establish a limitations period that applies to Section 1983 suits.  To fill that void, the Supreme Court directed lower courts to adopt the general state law limitations provision for personal injury actions.  In Louisiana, that period is one year, and each federal district in Louisiana agrees it applies to Section 1983 cases.  *Byrd v. Nelson*, No. CV 20-1282, 2021 WL 3745011, at *2 (W.D. La. Aug. 24, 2021) (Foote, J.); *Diaz v. Guynes*, No. CV 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. CV 14-0428, 2015 WL 269149, at *1 n.2 (M.D. La. Jan. 21, 2015).  Likewise, federal courts in other jurisdictions that maintain a one-year general limitations provision are in similar accord.  *See, e.g.*, *Boatfield v. Parker*, No. CV 19-0027, 2019 WL 1332369, at *4 (E.D. Tenn. Mar. 25, 2019) ("The one-year statute of limitations period contained in Tennessee Code Annotated § 28-3-104(a) applies to civil rights claims arising in Tennessee."); *Burnett v. Transit Auth. of Lexington-Fayette Urb. Cnty. Gov't*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013) (determining that Kentucky's

---

[24] At least since the Louisiana Civil Code of 1825, where article 3501 stated that actions "resulting from offences or quasi offences" prescribed after one year.  *Id.* at 1938.

one-year general statute of limitations applies to Section 1983 claims); *Burgos v. Fontanez-Torres*, 951 F. Supp. 2d 242, 250 (D.P.R. 2013) ("[T]he one-year limitations term applies for section 1983 actions in Puerto Rico.").

Even if Brown is correct that his state law claims may be brought within two years because they arose from a "crime of violence," Louisiana's general prescriptive period under article 3492 applies to Brown's federal claims. Accordingly, those claims prescribed one year after the incident; thus, Pouncy's motion to dismiss is **GRANTED** in this respect, and Brown's federal law claims are **DISMISSED with prejudice**.

## II.    State Law Claims

Having dismissed Brown's federal claims, the Court must consider whether exercising jurisdiction over his state law battery claims is proper. A district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the Court "observes that interpretation and application of Louisiana's various prescriptive periods to plaintiff's state law claims remains an issue within the particular province and expertise of the state courts." *Williams v. Ouachita Par. Sheriff's Dep't*, No. CV 17-0060, 2017 WL 4401891, at *4 (W.D. La. Aug. 28, 2017), *report and recommendation adopted,* No. CV 17-0060, 2017 WL 4399277 (W.D. La. Oct. 3, 2017).

As a result, the Court declines to exercise jurisdiction over Brown's pendant state law claims. *Bradley*, 958 F.3d at 396 ("Since [the plaintiff's] § 1983 claims failed, dismissal of the pendant state-law claims was within the district court's discretion.").  The claims are thus **DISMISSED without prejudice**.

## CONCLUSION

For the reasons stated herein, Pouncy's motion[25] is **GRANTED**. Brown's federal claims are **DISMISSED with prejudice**. Brown's state law claims are **DISMISSED without prejudice**.  Pouncy's motion for leave to file a response to Public Justice's amicus curiae brief[26] is **GRANTED**, and the clerk may file the brief into the record.  A judgment will issue alongside this ruling.

**THUS DONE AND SIGNED** this 29th day of September, 2022

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[25] Record Document 13.
[26] Record Document 35.

11

22-30691.231

# Tab 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHEREVEPORT DIVISION**

| | |
|---|---|
| JARIUS BROWN, | |
| Plaintiff, | Civil Action No. 5:21-cv-3415 |
| v. | Judge: |
| DEPUTY JAVARREA POUNCY, JOHN DOE 1, and JOHN DOE 2 | Magistrate Judge: |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## **COMPLAINT**

### **INTRODUCTION**

1.      On September 27, 2019, while in custody for nonviolent vehicle offenses, multiple employees of the DeSoto Parish Sheriff's Office (the "Sheriff's Office") brutally beat Plaintiff Jarius Brown.  Prior to the incident, Mr. Brown had complied with Defendants' requests.  He did not resist his arrest or fail to follow any Sheriff's Office procedures.  Nor did he make any attempts to injure or threaten Defendants.  Instead, Mr. Brown remained stationary while Defendants—without legal justification, warning, or provocation—struck Mr. Brown in his face and torso several times with their fists, before transferring him to a holding cell.

2.      No Sheriff's Office employees present during the attack acted to prevent Defendants' acts of violence or to ensure Mr. Brown's fair handling upon his arrival at the Sheriff's Office. Indeed, it was only after the violent attack concluded that Mr. Brown was able

to receive critical medical attention for the severe injuries and physical trauma the beating produced.

3.      During his hospital stay, Mr. Brown—who suffered from substantial injuries to the face, nose, and chest—struggled to remain conscious.  Mr. Brown also experienced mental and emotional trauma from the beating.  He still carries those injuries with him today and remains anxious and uneasy in the presence of law enforcement.

4.      The time has come to stop senseless beatings of people placed in detention facilities.  Mr. Brown files this Complaint and seeks recovery pursuant to 42 U.S.C. § 1983, the United States Constitution, and Louisiana state law.  This lawsuit alleges that Defendant Javarrea Pouncy and other fellow unknown officers—identified herein as John Does 1 through 2—carried out a malicious, violent, and traumatizing attack on Mr. Brown.  Following the attack, Deputy Pouncy became subject to a grand jury investigation surrounding the beating of Mr. Brown, and Deputy Pouncy subsequently resigned from the Sheriff's Office.

5.      That Mr. Brown's assailants are current and former deputies of the Sheriff's Office is consistent with evidence uncovered by recent media reporting that details an extensive history of violence and police brutality committed by Louisiana law enforcement officers.[1]  That conduct has unfortunately been present for at least a decade and has been implicitly endorsed by Louisiana State Police ("LSP") troopers and officials—the very force that initiated Mr. Brown's arrest in this instance.[2]

---

[1] *See*, Jim Mustain & Jake Bleiberg, *Beatings, buried videos a pattern at Louisiana State Police*,  AP NEWS, Sept. 8, 2021, https://apnews.com/article/police-beatings-louisiana-video-91168d2848b10df739d73cc35b0c02f8.

[2] *Id.*

6.     For the past decade, the State's most esteemed police force has ignored or concealed numerous pieces of evidence related to police brutality and misconduct and, by setting that example, has impeded efforts to discourage and mitigate police misconduct among other forces with which they interact.  Specifically, LSP has routinely refused to release all relevant video footage related to violence committed by troopers against the citizens they are sworn to serve and protect, a majority of whom are Black men.[3]

7.     Louisiana's one-year liberative prescription period for Section 1983 cases also contributes to the systematic lack of accountability for victims of police brutality in Louisiana — a violation of the spirit and intent of governing Supreme Court precedent. Incarcerated victims like Mr. Brown are both traumatized and entirely at the mercy of their abusers. In Mr. Brown's case, it was not until he was transferred to another facility away from the officers that abused him, that he began to recover and could begin pursing a case.

8.     Sadly, Mr. Brown is one of countless Black men who have been unjustly brutalized by law enforcement.[4]  Without accountability, law enforcement, and specifically those in DeSoto Parish, will continue to violate the rights of people like Mr. Brown, producing disastrous consequences.[5]

---

[3] *Id.* (AP reporting explaining that 67% of LSP uses of force in recent years have targeted Black people.)

[4] *See* Frank Edwards, et al.*, Risk of being killed by police use of force in the United States by age, race – ethnicity, and sex,* 116 PNAS 16793, 16794 (2019) (finding that Black men are 2.5 more likely than white men to be killed by law enforcement)*;* Mark Hoekstra & Carly Will Sloan, *Does Race Matter for Police Use of Force? Evidence from 911 Calls, NBER,* Feb. 2020, https://www.nber.org/papers/w26774; Oliver Laughland, *US police have a history of violence against black people. Will it ever stop?*, THE GUARDIAN, Jun. 4, 2020, https://www.theguardian.com/usnews/2020/jun/04/american-police-violence-against-black-people.

[5] *See* Jamiles Larty & Abbie VanSickle, *'Don't Kill Me': Others Tell of Abuse by Officer Who Kenlt on George Floyd*, THE NEW YORK TIMES, Feb. 2, 2021, https://www.nytimes.com/2021/02/02/us/derek-chauvin-georgefloyd-past-cases.html.

3

## PARTIES

9.      Plaintiff Jarius Brown is a 29-year-old man domiciled in the State of Louisiana within the Western District of Louisiana.

10.     Defendant DeSoto Parish Sheriff's Office Deputy Javarrea Pouncy is sued in his individual capacity.  Deputy Pouncy is named for violently beating Mr. Brown.

11.     Defendant DeSoto Parish Sheriff's Office Deputy John Doe #1 is sued in his individual capacity. Deputy John Doe #1 is named for violently beating Mr. Brown.

12.     Defendant Louisiana State Police Officer John Doe #2 is sued in their individual capacity. Officer John Doe #2 is named for his involvement in Mr. Brown's violent beating.

13.     Mr. Brown is not aware of the true names of Does and therefore sues Does by such fictitious names.  Mr. Brown will amend this complaint to state the true name and capacity of Does when such have been ascertained.

14.     Defendants are persons for purposes of 42 U.S.C. § 1983 and, at all times pertinent and relevant to this action, were employed as commissioned deputies by the DeSoto Parish Sheriff's Office and were acting and/or neglected to act in the course and scope of their employment and under color of law.  Plaintiff alleges that Defendants are responsible for his injuries as set forth herein.

15.     Defendants are liable jointly, severally, and *in solido* for the intentional, excessive, and/or otherwise unconstitutional and tortious conduct set forth below.

## JURISDICTION AND VENUE

16.     Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1343 because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983.  Plaintiff also invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) over state law claims.

4

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are law enforcement officers who work and likely reside in this District, and because the wrongful conduct at issue in this matter occurred wholly within this District.  *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### A.    Deputies Employed by the DeSoto Parish Sheriff's Office Brutally Attack Plaintiff After His Arrest

18.     On September 27, 2019, Plaintiff Jarius Brown was stopped and arrested by an LSP officer for alleged traffic violations and other controlled substance offenses.

19.     Upon his arrest by LSP, Mr. Brown was put into handcuffs and searched.  At the time of his arrest, he possessed a small bag of marijuana.

20.     Shortly after his arrest, Mr. Brown was transported by LSP Officer John Doe #2 to the Sheriff's Office.

21.     Upon information and belief, Mr. Brown arrived at the Sheriff's Office early in the morning of September 27.

22.     Upon his arrival, Mr. Brown was transferred into the custody of Defendants Pouncy and John Doe #1 ("Officer Defendants").  It is unknown whether LSP Officer John Doe #2 said anything to Officer Defendants upon their arrival. LSP is currently under scrutiny by the Federal Bureau of Investigations and the Department of Justice for unlawful use of force and alleged encouragement thereof.

23.     Mr. Brown was then led by Officer Defendants to the Sheriff's Office laundry room to change into a prison jumpsuit.

22-30691.12

24.     When Mr. Brown arrived in the laundry room, Officer Defendants instructed him to strip naked, bend over, and cough.  Mr. Brown complied with these instructions and all other instructions given to him by Officer Defendants.

25.     After removing his clothes, Mr. Brown turned to face Officer Defendants, who then without warning or provocation began to beat Mr. Brown. Officer Defendants hit Mr. Brown numerous times in his face and torso causing serious injuries.

26.     Mr. Brown collapsed as a result of Officer Defendants' attack, after which Officer Defendants delivered one final blow to Mr. Brown's body before ceasing.

27.     After succumbing to the violence, Mr. Brown was provided a prison jumpsuit by Officer Defendants and led to a holding cell where he remained in isolation—bloody, beaten and struggling to remain conscious, before his injuries were noticed by another officer at the Sheriff's Office.

28.     Mr. Brown did not provoke the attack, nor did Defendants explain their actions contemporaneously or after the attack.  Mr. Brown sustained injuries to his face and torso as a result of Defendants' punches.  He was left bloody and with fractures to his face and eye socket. He also experienced significant pain in his chest.

29.     Officer Defendants, by committing overt, hostile acts during the attack on Mr. Brown acted in concert and assisted one another to accomplish the unlawful purpose described above.

30.     Although Mr. Brown is not aware whether any detention facility video exists of the brutal attack, officer bodycam video captures the state of Mr. Brown shortly after the beating. The still shot from that video below graphically depicts the physical and emotional effects of that

beating.



.

31.     As a result of the injuries sustained, Mr. Brown was transported to Ochsner LSU

Health Shreveport - LA where he was evaluated and treated for, among other things, (1) an

orbital fracture on the left side of his face; (2) a fracture of his nasal bones; and (3) abrasions on

his left eyelid.  Officer Defendants were present at Ochsner LSU Health Shreveport - LA during

the entirety of Mr. Brown's visit and treatment.

32.     Mr. Brown felt threatened and uneasy during his treatment because of the

continued presence of Officer Defendants.

**B.      Mr. Brown's Federal Claims Are Timely Filed as Federal Law Precludes
        Application of Louisiana's One-Year Liberative Prescription Period**

33.     Mr. Brown repeats and realleges each and every allegation contained in the

previous paragraphs of this Complaint as if fully alleged herein.

34.     Defendants beat Mr. Brown on September 27, 2019.

35.     Although Louisiana courts have rotely applied Louisiana's one-year liberative prescription period for delictual actions to all Section 1983 cases,[6] Mr. Brown submits that the mechanical application of the one-year statute of limitations period is inconsistent with the spirit and intent of governing Supreme Court precedent, and Plaintiff asks this Court to clarify that Section 1983 actions in Louisiana based on a criminal assault like the one alleged here are subject to a two year statute of limitations that best equates with the comparable Louisiana prescription period.

### 1.     Louisiana's One-Year Liberative Prescription Period Is Inconsistent with the Federal Interests of Section 1983

36.     Section 1983 was enacted to protect individuals against state violations of pre-existing civil rights.  It "was the product of congressional concern about the Ku Klux Klan-sponsored campaign of violence and deception in the South, which was 'denying decent citizens their civil and political rights'"[7] and was a remedy "against those who representing a State in some capacity were unable or unwilling to enforce a state law."[8]

37.     Courts apply state residual statutes of limitation to Section 1983 claims.[9]

38.     State statutes of limitations must be consistent with federal law and policy.[10]  A Section 1983 statute of limitations is inconsistent with federal law if it does not respond to the practicalities of litigating a federal civil rights claim and does not take into account "policies that

---

[6] *Williams v. Ouachita Par. Sheriff's Dep't,* No. CV 17-0060, 2017 WL 4401891, at *3 (W.D. La. Aug. 28, 2017) ("Relying on *Owens,* supra, all three federal district courts in this state have declined to apply Article 3493.10's two year prescriptive period to section 1983 claims").

[7] *Owens v. Okure*, 488 U.S. 235, 249 n.11 (1989) (citations omitted).

[8] *Id.*

[9] *Id.* at 248.

[10] 42 U.S.C. § 1988; *Owens,* 488 U.S. at 239.

8

are analogous to the goals of the Civil Rights Acts."[11]  If state concerns are "inconsistent with, or of marginal relevance to, the policies informing the Civil Rights Act, the resulting state statute of limitations may be inappropriate for civil rights claims."[12]

39.     Courts apply residual statutes of limitation for Section 1983 matters to promote state interests in reducing confusion and unpredictability in litigation.[13]  However, residual statutes of limitation still must be consistent with federal interests.[14]

40.     A state law may be "inconsistent" with federal law if it "discriminates against federal claims" or "fails to afford a reasonable time to the federal claimant."[15] An appropriate limitations provision "must account for the characteristics of litigation under the analogous federal statute, including the policies underlying and the practicalities involved in litigating the federal cause of action."[16]

41.     A one-year liberative prescription period does not properly account for the policies underlying and the practicalities involved in litigating a civil rights claim.

42.     "Litigating a civil rights claim requires considerable preparation,"[17] and the modern development of the qualified immunity doctrine has imposed an additional "high hurdle for civil rights plaintiffs[.]"[18]  This hurdle is particularly challenging because "[m]odern

---

[11] *Burnett v. Grattan*, 468 U.S. at 42, 50 (1984) (holding modified by *Wilson v. Garcia*, 471 U.S. 261, 105 (1985)).

[12] *See Burnett*, 468 U.S. at 53.

[13] *Owens*, 488 U.S. at 248.

[14] *Id.* at 251 n. 13.

[15] *See Burnett*, 468 U.S. at 60–61 (Rehnquist Concurrence).

[16] *McDonald v. Salazar*, 831 F. Supp. 2d 313, 319 (D.D.C. 2011).

[17] *See Burnett*, 468 U.S. at 42, 50–51.

[18] Jan Schweikert, *Qualified Immunity: A Legal, Practical, and Moral Failure*, 901 THE CATO INSTITUTE POLICY ANALYSIS, Sept. 14, 2020.

qualified immunity doctrine . . . has proven impossible to apply with predictability or consistency. Indeed, there is perhaps no other Supreme Court doctrine that has engendered as much confusion and division among lower court judges as the Court's amorphous instructions on when a given right is clearly established, as both judges and commentators have recognized."[19]

43.    Modern understandings of the impact of crimes of violence suggest that victims may often significantly delay reporting a crime due to the associated trauma. In "the best case," it can take six to twelve months for a victim of such a crime to reintegrate into a stable, functioning individual.[20] Victims seek to avoid further conflict and many choose not to report while still under the stressful effects of victimization.[21]

44.    Police misconduct in particular has considerable and unique consequences for victims, making preparation of a federal civil rights lawsuit even more challenging. "[T]he reality is that for many victims of police misconduct, one year is not nearly enough time to file a federal lawsuit."[22] Victims of police misconduct experience a range of challenges as a result of their trauma, and the same factors that lead any victim to delay reporting the crime may be heightened in instances of police brutality.[23] Incarcerated victims are often at the mercy of their abusers, with their housing, recreation, and well-being under the control of the very officers who

---

[19] *Id.*

[20] Rosa Casarez-Levison, *An Empirical Investigation of the Coping Strategies Used by Victims of Crime: Victimization Redefined*, *in* CRITICAL ISSUES IN VICTIMOLOGY: INTERNATIONAL PERSPECTIVES, 46-57, (EC Viano ED., 1992).

[21] M.S. Greenberg & R.B. Ruback, *After the Crime: Victim Decision Making*, 9 PERSPECTIVES IN LAW & PSYCHOLOGY, 1992.

[22] Dani Kritter, *The Overlooked Barrier to Section 1983 Claims: State Catch-All Statutes of Limitations*, CALIFORNIA LAW REVIEW (March 2021), https://www.californialawreview.org/the-overlooked-barrier-to-section-1983-claims-state-catch-all-statutes-of-limitations/.

[23] *Id;* Jordan DeVylder, et. al, *Impact of Police Violence on Mental Health: A Theoretical Framework* AMERICAN JOURNAL OF PUBLIC HEALTH, (July 09, 2020).

violated their rights. Members of marginalized groups are disproportionately the victims of police misconduct, yet these groups also disproportionally lack access to the civil justice system. "A victim of police brutality faces a stressful and unfair sprint to the courthouse if they are required to file a complicated federal civil rights claim within one year of the date of their injuries."[24]

45.     The Supreme Court has thus invalidated a six-month statute of limitations to federal civil rights claims brought under 42 U.S.C. § 1983.[25]  The Second Circuit has similarly held that federal law precludes application of a one-year statute of limitations to § 1983 claims.[26] Similarly, other courts have held that application of a one or even two-year statute of limitations to federal civil rights claims violates federal law.[27]

46.     Applying Louisiana's one-year liberative prescriptive period for delictual actions to § 1983 claims would violate the federal policy underlying the Civil Rights Act, as Louisiana's

---

[24] *Id.*

[25] *See Burnett*, 468 U.S. at 42, 50.

[26] *Okure v. Owens*, 816 F.2d 45, 48–49 (2d Cir. 1987) (noting that the 3-year period "more faithfully represents the federal interest in providing an effective remedy for violations of civil rights than does the restrictive one year limit.) *affirmed on different grounds*, Owens v. Okure, 488 U.S. 235, 236 (1989).

[27] *See Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 239–40 (3d Cir. 2014) (refusing to apply Pennsylvania's two-year statute of limitations to an Establishment Clause challenge brought pursuant to § 1983 because, "[i]n sum, the significance of the constitutional interests at play, the minimal interests advanced by application of a limitations period, and the long-standing apparent exemption of Establishment Clause claims from such defenses convince us that it would be 'inconsistent with federal law or policy,'…to apply Pennsylvania's limitations period to Tearpock–Martini's Establishment Clause claim.); *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520, 522 (6th Cir. 1975) ("This one year period, urged here by Owens-Illinois, applies only to action taken by the Ohio Civil Rights Commission itself, and hardly seems applicable to an action under s 1981 by a private litigant."); *Johnson v. Davis*, 582 F.2d 1316, 1319 (4th Cir. 1978) (rejecting 1-year statute of limitations because the "constitutional tort remedy" that "was created to protect such paramount federal rights as the right to vote, the right of free speech, and the right to be free from invidious discrimination, should not be relegated in the Virginia scheme of limitation periods to a period of only one year").

prescriptive period "fails to take into account [the] practicalities that are involved in litigating federal civil rights claims and policies that are analogous to the goals of the Civil Rights Act."[28]

### 2. Louisiana's One-Year Statute of Limitations Violates the Fourteenth Amendment's Guarantee of Equal Protection

47.     The Louisiana State Legislature has allowed its hostility towards federal civil rights claims to affect its prescriptive period decision-making.  This violates federal law,[29] including the Fourteenth Amendment's guarantee of equal protection.[30]

48.     One year is the shortest residual statute of limitation in the country.  Louisiana is one of just three states that adopts a one-year residual statute of limitation.

49.     The Louisiana State Legislature has recognized the prohibitive nature of a one-year statute of limitation in extending prescriptive periods for other claims.  It extended the one-year prescriptive period to three years for victims of child abuse, to provide those victims "a chance to recover and still have time to file suit."[31]  It extended the one-year prescriptive period to two years for victims of crimes of violence, in order to provide those victims with more time to deal with parallel criminal and civil proceedings and not have to face discovery associated with litigation after suffering trauma.[32]  And it extended the one-year prescriptive period to three

---

[28] *Burnett*, 468 U.S. at 50.

[29] *See id.* at 53 ("To the extent that particular state concerns are inconsistent with, or of marginal relevance to, the policies informing the Civil Rights Act, the resulting state statute of limitations may be inappropriate for civil rights claims.") (citations omitted).

[30] *United States v. Ramos,* No. 20-50527, at *4 (5th Cir. June 21, 2021) ("The Equal Protection Clause of the Fourteenth Amendment prohibits states from 'deny[ing] to any person within its jurisdiction the equal protection of the laws.' U.S. Const. amend. 14, § 1… [Plaintiff] must 'prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'").

[31] *See* Minutes of Meeting of House Civil Law and Procedure Committee, at 3 (May 10, 1988) (discussing H.B. 724).

[32] *See* Meeting of House Civil Law and Procedure Committee (June 7, 1999), at 22:58, available at https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/1999/jun/0607_99_CL (discussing in S.B. 156).

years for victims of sexual assault, to provide those victims with more time to cope with the

trauma of their situation before having to decide whether to pursue civil litigation.[33]

50.     Mr. Brown's assault by DeSoto Parish officers is a crime of violence under La.

Civ. Code Ann. art. 3493.10. He was severely beaten by two officers while he was defenseless,

suffering facial fractures, lacerations, and chest pain.  Although Mr. Brown would have a two-

year period to bring a claim under Louisiana state law, bringing a Section 1983 action for the

same underlying crime results in a shorter prescription period.

51.     The Louisiana State Legislature has rejected several proposals to extend the one-

year liberative prescription period for delictual actions.  In one case (S.B. 83), Former Louisiana

State Senator Daniel Martiny—the former Louisiana Senate Majority Leader (from 2012 to

2020), the Chairman of the Senate Republican Legislature Delegation, and the former Chairman

of the Senate Judiciary B Committee (from 2008 to 2012)—stated during the hearing discussing

the proposal to extend the one-year period that "90% of what I do for a living is defend police

departments," and described how defending law enforcement in § 1983 cases would become

more challenging if the time period were extended for suits.[34]  Although the bill ultimately died,

the final version of the bill proposed a two-tier liberative prescription period: it retained a one-

year liberative prescription period for claims against the State of Louisiana "or one of its

---

[33] *See* Meeting of House Civil Law and Procedure Committee (April 12, 2016), at 41:54, available at
https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2016/apr/0412_16_CL; Minutes of Meeting of
Senate Judiciary A Committee, at 6 (May 17, 2016); Meeting of Senate Judiciary A Committee (May 17, 2016), at
28:39, available at http://senate.la.gov/video/videoarchive.asp?v=senate/2016/05/051716JUDA_0 (discussing H.B.
556).

[34] Louisiana State Senate, Senate Broadcast Archived Videos, Senate Judiciary A Committee, April 12, 2016 at
1:58:15-1:58:35.

22-30691.20

departments, agencies, offices, or political subdivisions," but extended the period to two years for all other delictual actions.[35]

52.     The Legislature's actions reveal an intent to discriminate against civil rights plaintiffs in violation of the Fourteenth Amendment. Civil rights plaintiffs who have suffered from crimes of violence are treated differently from non-civil rights plaintiffs who have suffered from the same crime.

53.     Given the challenges involved in prosecuting civil rights violations, the Louisiana State Legislature's demonstrated hostile attitude towards federal civil rights claims, and the outlier nature of Louisiana's one-year statute of limitations period for federal civil rights claims, federal law prohibits application of Louisiana's one-year prescriptive period to federal civil rights claims.  The Supreme Court has specifically "disapproved the adoption of state statutes of limitation that provide only a truncated period of time within which to file suit, because such statutes inadequately accommodate the complexities of federal civil rights litigation and are thus inconsistent with Congress' compensatory aims."[36]

### **FIRST CAUSE OF ACTION**

**EXCESSIVE USE OF FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT UNDER 42 U.S.C. § 1983**
**(AGAINST ALL DEFENDANTS)**

54.     Mr. Brown repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully alleged herein.

---

[35] *See* Fiscal Note on S.B. 83, Louisiana Legislative Fiscal Office (Apr. 25, 2016), http://www.legis.la.gov/legis/ViewDocument.aspx?d=997064.

[36] *Felder v. Casey*, 487 U.S. 140 (1988) (superseded by statute on other grounds).

55.     Plaintiff in this action is a citizen of the United States and all Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

56.     At all times relevant hereto, the individual Defendants were acting under the color of state law in their capacity as DeSoto Parish correctional officers and their acts or omissions were conducted within the scope of their official duties or employment.

57.     The Fourth Amendment of the U.S. Constitution protects citizens against unreasonable search and seizure by law enforcement officers.

58.     The Fourteenth Amendment of the U.S. Constitution protects citizens against arbitrary deprivation of life, liberty, or property by the state.

59.     It was clearly established at the time of Mr. Brown's arrest that the Fourth and Fourteenth Amendments prohibit law enforcement officials from using an unreasonable level of force during an arrest and detention.

60.     The individual Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them.  They accordingly violated Mr. Brown's Fourth Amendment rights.

61.     The individual Defendants' actions and use of force, as described herein, were also malicious and involved willful, outrageous, reckless and flagrant misconduct, and deliberate indifference to Mr. Brown's federally protected rights.

62.     The level of force used by Defendants against Mr. Brown was objectively unreasonable because: (1) the offenses that Defendants arrested Mr. Brown for committing were traffic violations; (2) Mr. Brown complied with Defendants' instructions; and (3) Mr. Brown did not resist arrest.

15

63.     None of the individual Defendants took reasonable steps to intervene and protect Mr. Brown from the objectively unreasonable and excessive force despite being in a position to do so.

64.     Any reasonable law enforcement officer would have known that using this level of force to detain Mr. Brown would violate his clearly established constitutional rights.

65.     All Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Brown's federally protected constitutional rights.  These individual Defendants acted in concert and joint action with each other.

66.     The acts or omissions of the individual Defendants were moving forces behind Mr. Brown's injuries.  As a direct and proximate result of Defendants' excessive force, Mr. Brown suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

67.     Defendants are not entitled to qualified immunity for their conduct, because their use of force against Mr. Brown violated his clearly established constitutional rights and was objectively unreasonable.

68.     Mr. Brown is entitled to attorneys' fees and costs under 42 U.S.C. § 1988, prejudgment interest, and costs allowable by federal law.

69.     Mr. Brown is also entitled to punitive damages against each Defendant under 42 U.S.C. § 1983 because Defendants' actions were malicious, willful, or committed with reckless or wanton disregard for Mr. Brown's constitutional rights.

16

## SECOND CAUSE OF ACTION
## BATTERY IN VIOLATION OF LA REV STAT § 14:35
## (AGAINST INDIVIDUAL DEFENDANTS POUNCY AND DOE # 1)

70.     Mr. Brown hereby incorporates all other paragraphs of this Complaint.

71.     Mr. Brown asserts violations of Louisiana state law relative to intentional torts by the individual Defendants.

72.     Defendants were acting within the course and scope of their employment with DeSoto Parish Sheriff's Office.

73.     Officers are liable for civil torts when they preform, "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct."[37] Under this standard, "only the most egregious conduct by parish agents, employees or representatives that exhibits an active desire to cause harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct, will rise to the level of 'willful misconduct' or 'criminal, willful, outrageous, reckless, or flagrant misconduct…'"[38]

74.     Mr. Brown's attack is consistent with Louisiana's interpretation of a "crime of violence" and thus Defendants' conduct falls under the two-year statute of limitation of La. Civ. Code Ann. art. 3493.10.  As described fully above, Mr. Brown was brutally beaten by two DeSoto Parish deputies while Mr. Brown remained in a defenseless and harmless position.  He suffered facial fractures, lacerations, and chest pain as a result of the attack. The severity of this attack escalated Defendants' conduct to second degree battery, one of the qualifying crimes of violence under La. R.S. 14:2(13).

---

[37] Section 2798.1.

[38] Haab ex rel. Children v. E. Bank Consol. Special Serv. Fire Prot. Dist. of Jefferson Parish, 139 So. 3d 1174, 1182 (La. Ct. App. 2014).

22-30691.24

75.     Defendants at all times relevant hereto were acting under color of state law.

76.     Defendants intended to inflict serious bodily injury. Specific intent may be "inferred from the circumstances surrounding the offense and the conduct of the defendant."[39]

77.     Defendants intended to cause serious physical harm to Mr. Brown by hitting him numerous times in his face and torso without provocation.

78.     The acts or omissions of Defendants, as described herein, deprived Mr. Brown of his constitutional rights and caused him other damages.

79.     As a direct and proximate result of the intentional acts of Defendants, carried out in reckless disregard, Mr. Brown suffered physical injury and continues to suffer from severe shock, distress, anguish, sorrow, and loss of enjoyment of life.

80.     The aforementioned physical and psychological injuries sustained by Mr. Brown were caused wholly by reason of the intentional acts of Defendants as described herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a.     Declare that Defendants' conduct violated the Fourth and Fourteenth Amendments to the U.S. Constitution;

b.     Order that Defendants issue a formal apology to Mr. Brown for their unlawful actions;

---

[39] State v. Walker, 53,975 (La. App. 2 Cir. 6/30/21).

      c.      Award Plaintiff damages compensating him for his physical and emotional harms, including but not limited to compensatory, pecuniary, and medical expense damages according to proof.

      d.      Award Plaintiff punitive damages for Defendants' conduct.

      e.      Award Plaintiff his reasonable attorneys' fees and the costs incurred in bringing this action; and

      f.      Grant Plaintiff such other and further relief as the Court deems just and proper.

By: */s/ Megan Snider*
Megan E. Snider
LA. Bar No. 33382
Nora Ahmed*
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: 504 522 0628
msnider@laaclu.org
nahmed@laaclu.org

*Pro hac vice forthcoming*

*and*

By: */s/   Michael X. Imbroscio*
Michael X. Imbroscio (Bar No. 445474)*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
mimbroscio@cov.com

*Pro hac vice forthcoming*

*Counsel for Plaintiff Jarius Brown*

# Tab 6



Louisiana

# 50 States & D.C. Survey: Applicable Statute of Limitations for Section 1983 Claims

November 2, 2020

22-30691.115

| State | Governing Personal Injury SOL | Citation |
|---|---|---|
| Alabama | 2 years | Ala. Code § 6-2-38(l) |
| Alaska | 2 years | Alaska Stat. § 09.10.070(a) |
| Arizona | 2 years | Ariz. Rev. Stat Ann. § 12-542(1) |
| Arkansas | 3 years | Ark. Code  Ann § 16-56-104 |
| California | 2 years | C.C.P. § 335.1 |
| Colorado | 2 years | Colo. Rev. Stat.§ 13-80-102(1)(i) |
| Connecticut | 3 years | Conn. Gen. Stat. § 52-577 |
| Delaware | 2 years | Del. Code Ann. tit. 10 § 8119 |
| District of Columbia | 3 years | D.C. Code § 12-301(3) |
| Florida | 4 years | Fla. Stat. § 95.11(3) |
| Georgia | 2 years | Ga. Code Ann. § 9-3-33 |
| Hawaii | 2 years | Haw. Rev. Stat. § 657-7 |
| Idaho | 2 years | Idaho Code Ann. § 5-219(4) |
| Illinois | 2 years | 735 ILCS 5/13-202 |
| Indiana | 2 years | Ind. Code § 34-11-2-4 |
| Iowa | 2 years | Iowa Code § 614.1(2) |
| Kansas | 2 years | Kan. Stat. Ann. § 60-513(a)(4) |

2

22-30691.116

| Kentucky | 1 year | Ky. Rev. Stat. Ann. § 413.140(1)(a) |
| Louisiana | 1 year | La. Civ. Code Ann. art. 3492 |
| Maine | 6 years | ME ST T. 14 § 752 |
| Maryland | 3 years | Md. Code Ann., Cts. & Jud. Proc. § 5-101 |
| Massachusetts | 3 years | MA ST 260 § 2A |
| Michigan | 3 years | MCL 600.5805(2) |
| Minnesota | 2 or 6 years | MN ST §§ 541.05, subd.(1)5; 541.07 |
| Mississippi | 3 years | Miss. Code Ann. 15-1-49 |
| Missouri | 5 years | Mo.Rev.Stat. § 516.120(4) |
| Montana | 3 years | MT ST 27-2-204 |
| Nebraska | 4 years | Neb. Rev. Stat. § 25-207 |
| Nevada | 2 years | Nev. Rev. Stat § 11.190(4) |
| New Hampshire | 3 years | N.H. Rev. Stat. Ann. § 508:4 |
| New Jersey | 2 years | N.J. Stat. Ann. § 2A:14-2 |
| New Mexico | 3 years | N.M. Stat. Ann. § 37-1-8 |
| New York | 3 years | N.Y. C.P.L.R. § 214(5) |

3

| North Carolina | 3 years | N.C. Gen. Stat § 1-52(5) |
|---|---|---|
| North Dakota | 6 years | N.D. Cent. Code § 28-01-16(5) |
| Ohio | 2 years | Ohio Rev. Code Ann. § 2305.10(A) |
| Oklahoma | 2 years | Okla. Stat. Tit. 12 § 95(3) |
| Oregon | 2 years | Or.Rev.Stat. § 12.110(1) |
| Pennsylvania | 2 years | 42 Pa. Cons. Stat. § 5524(1) |
| Rhode Island | 3 years | R.I. Gen. Laws § 9-1-14(b) |
| South Carolina | 3 years | S.C. Code Ann. § 15-3-530(5) |
| South Dakota | 3 years | SD ST § 15-2-15.2 |
| Tennessee | 1 year | Tenn. Code Ann. § 28-3-104(a)(1)(B) |
| Texas | 2 years | Tex. Civ. Prac. & Rem. Code Ann. 16.003(a) |
| Utah | 4 years | Utah Code Ann. § 78B-2-307 |
| Vermont | 3 years | Vt. Stat. Ann. tit. 12, § 512(4) |
| Virginia | 2 years | Va. Code Ann. § 8.01-243(A) |
| Washington | 3 years | Wash. Rev. Code § 4.16.080 |
| West Virginia | 2 years | W. Va. Code § 55-2-12 |
| Wisconsin | 3 years | WI ST 893.53 |
| Wyoming | 4 years | Wyo. Stat. Ann. § 1-3-105(a)(iv) |

22-30691.118

## CERTIFICATE OF SERVICE

I, Lauren Willard, hereby certify that on January 26, 2023, I caused copies of the foregoing Record Excerpts to be served by the Court's Electronic Case Filing System upon:

James Ashby Davis
COOK, YANCEY, KING, & GALLOWAY, A.P.L.C.
333 Texas Street, Suite 1700
Shreveport, LA 71101
(318) 227-7826
ashby.davis@cookyancey.com

*Attorney for Defendant - Appellee*
*Deputy Javarrea Pouncy*

/s/ *Lauren Willard*
Lauren Willard